**Clarence I. JUSTHEIM, Appellant,**

v.

**David L. LADD, Commissioner of Patents, Appellee.**

**No. 19243.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 22, 1965.

Decided Nov. 10, 1965.

Mr. Philip A. Mallinckrodt, Salt Lake City, Utah, of the bar of the Supreme Court of Utah, pro hac vice, by special leave of court, with whom Mr. George A. Arkwright, Washington, D. C., was on the brief.

Mr. Joseph Schimmel, Atty., Washington, D. C., with whom Mr. Clarence W. Moore, Solicitor, was on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge:

This appeal is from a judgment of the District Court denying on the merits appellant's claim of entitlement to the issuance of a patent. Within the Patent Office itself, appellant's application had been denied by a Principal Examiner, and that decision had been upheld by the Board of Appeals. After the trial *de novo* afforded by statute, 35 U.S.C. § 145, the District Court reached the same result. We have found in the record no warrant for disturbing that conclusion.

In 1955 appellant filed a patent application in respect of an asserted invention relating to the distillation in place of oil from shale rock.[1] In the application it was broadly stated that heat would be applied by means of a nuclear reactor.

---

[1] The single patent claim involved in this litigation, as stated and described by appellant, is as follows:

23. A process of distilling oil shales in situ, comprising generating heat of at least 2000° F. by means of nuclear reaction; fissuring an extraction area

within a bed of oil shale in its natural underground location by means of said heat and accompanying pressure; distilling the kerogen content of oil shale within said extraction area, by means of said heat; and extracting distillation products from said area.

This application was denied by a Patent Office examiner for the reason that the application failed to disclose "the structure and controls for a nuclear reactor" which could accomplish the results claimed for the invention. Indeed, the examiner said that it did not "appear that the structure and controls for such a reactor were known at the time this application was filed."

Appellant did not pursue further, within the appellate hierarchy of the Patent Office, this 1955 application. Instead, and four years later, he filed an application which he characterized as a continuation-in-part of the original application. The deficiencies of the latter were apparently thought to have been overcome by a reference, in the later filing, to a nuclear reactor covered by a pending patent application of one Huntington. The Patent Office, however, rejected the new application for three reasons, namely, insufficient disclosure within the requirements of the statute, and obviousness of the asserted invention in the light of (1) a so-called Ljungstrom patent issued in 1956, and (2) a French patent published in 1957. The District Court reached its conclusion in this fashion: It found from the evidence that the 1955 application was lacking in disclosure and that, accordingly, appellant's claim must be measured solely by reference to the 1959 filing.[2] Assuming the latter to be adequate in terms of disclosure, it failed of effectiveness because of the prior Ljungstrom and French patents, which were taken to have rendered obvious the central concept advanced by appellant of using temperatures of the order of 2000° F. as a means of recovering oil from shale in place.[3]

Looking to the first step in the dialectics of the District Court, we think it may well be true that appellant's failure to press his 1955 application in the face of the examiner's adverse decision operated without more to remit appellant entirely to his 1959 application as the base point for readings on prior disclosures. See Overland Motor Co. v. Packard Motor Co., 274 U.S. 417, 421–422, 47 S.Ct. 672, 71 L.Ed. 1131 (1927). The District Court did not, however, so limit appellant as a matter of law; instead, it gave him an opportunity to demonstrate by evidence that the 1955 disclosure was in fact adequate. This evidence consisted of efforts at the trial to show that there were nuclear reactor patent applications pending in 1955 which embodied devices capable of effectuating appellant's concept. But the Patent Office countered with evidence casting substantial doubt upon the capacities of the devices in question to function in the manner contemplated by appellant; and we cannot say that the District Court clearly erred in its resolution of this issue.

Thus it was that 1959, rather than 1955, was taken by the court to be the point of reference for appellant's claim. In the interval between those years, as the evidence showed, the Ljungstrom and the French patents had addressed themselves to the essential principle of distillation in place by the circulation of heat. Appellant argues here, and sought to show by evidence in the District Court, that his invention differed from them because it stressed the significance of temperatures approximating 2000° F. But the District Court found that the Ljungstrom patent contemplated a temperature of 1832° F., and the French

**2.** The statutory requirement of critical importance in this aspect of the case is the first paragraph of 35 U.S.C. § 112, which is as follows:

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention."

**3.** Section 103 of 35 U.S.C. provides that a patent may not be obtained "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art * * *."

patent one of 2192° F.; and it did not think that variations of this order imparted a sufficiently distinctive character to appellant's invention as to differentiate it adequately from what had already been disclosed in the period between 1955 and 1959. This view of the evidence was one which, in our view, the District Court could justifiably take. See Helene Curtis Industries v. Sales Affiliates, 233 F.2d 148 (2d Cir. 1956).

The judgment of the District Court is

Affirmed.