**Jacques BOILEAU, et al., Appellants,**

**v.**

**Sidney A. DIAMOND, Commissioner of Patents and Trademarks.**

**No. 80–2094.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 26, 1981.

Decided July 29, 1981.

Opinion on Denial of Rehearing Sept. 15, 1981.

Fernanda M. Fiordalisi, for appellants.

Fred E. McKelvey, Associate Sol., Patent and Trademark, Washington, D. C., with whom Joseph F. Nakamura, Sol., Patent and Trademark, Washington, D. C., was on the brief for appellee.

Before MacKINNON, MIKVA and GINS-BURG, Circuit Judges.

Opinion PER CURIAM.

## PER CURIAM:

This cause came on to be heard on the appeal from an order of the district court granting appellee Diamond's motion for summary judgment. Appellants are a French corporation and certain of its employees engaged in the manufacture of explosives. They applied to the Patent Office for (1) a patent on a *compound* of matter known as tetranitroglycoluril and for (2) a patent on the *process* used to manufacture the compound. The Patent Office Examiner denied a patent on both the compound (claims 1–5) and the process (claims 6–8). The Board of Appeals affirmed the denial of a patent on the compound, but reversed the denial of a patent for the process. Appellants then sought review in the district court of the Board of Appeals' rejection of claim 1, the principal claim describing the compound. Upon cross motions for summary judgment, the district court affirmed the Board of Appeals, on the grounds that a prior printed publication entitled "Minsky MR–16" (the Minsky Report) anticipated appellant's claim and barred patentability under 35 U.S.C. § 102(a), (b). We affirm in part, and reverse in part.

The Minsky Report was prepared in 1952 by I. Minsky for the Picatinny Arsenal, an arm of the United States Department of the Army. It claimed that Minsky had made tetranitroglycoluril, disclosed its formula, and described its properties and two methods of production.

 Appellants' major argument upon appeal is that the Minsky Report does not constitute a "prior printed publication" within the meaning of 35 U.S.C. § 102 because it was never available to the public. Although a publication must be available to the public to bar patentability, it is sufficient if the document is available to "that class of persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents." *Garrett Corp. v. United States*, 422 F.2d 874, 878 (Ct.Cl.), *cert. denied*, 400 U.S. 951,

91 S.Ct. 242, 27 L.Ed.2d 257 (1970). Five undisputed facts in the record persuade us that this requirement was satisfied in this case: 1) Prior to 1964, eighty-seven copies of the report were distributed to government agencies, corporations, universities, research organizations and a foreign government while the report was classified; 2) the report was declassified in 1964; 3) after 1964, the report was available to registered users of the Defense Technical Information Center (DTIC); 4) registered users of the DTIC include current Defense Department contractors; and 5) the Government Research Laboratories Division of the Exxon Research and Engineering Co., a registered user of the DTIC, requested and received a copy of the report in 1969.

■ Appellants nevertheless argue that the Minsky Report does not bar their claim because the report does not disclose tetranitroglycoluril. Appellants contend that, despite statements to the contrary in the report, the report actually discloses an unstable and impure three nitro group derivative of the compound, which possesses materially different properties than tetranitroglycoluril and which is useless as an explosive. Although appellants brought this argument to the attention of the district court, *see* App. at 36, and presented evidence in the form of scientific studies to support this claim, *see* App. at 178–87, the district court nevertheless granted summary judgment for appellee without addressing this point. We hold that the district court erred in so doing, for a genuine issue of material fact was apparent on the record, which could only be resolved after a trial. We accordingly remand for trial on this issue. *See Bridgeport Brass Co. v. Bostwick Laboratories, Inc.*, 181 F.2d 315 (2d Cir. 1950).

■ Appellants also argue that even if the Minsky Report discloses tetranitroglycoluril, their tetranitroglycoluril's stability and purity are so superior to Minsky's that they in effect produced a new compound for which a patent may be obtained. *See E. I. DuPont de Nemours & Co. v. Ladd*, 328

F.2d 547, 553 (D.C.Cir.1964); *Phillips Petroleum Co. v. Ladd*, 219 F.Supp. 366, 369 (D.D.C.1963). The district court found that Minsky's "compound was pure and had a sufficient degree of stability", and therefore rejected this argument. Alternatively, the district court held that appellants were not entitled to a patent because their claim was overly broad, in that it encompassed the compound in its pure and impure forms. *See* App. at 100–101. We hold that the district court erred in making the former ruling, i. e., that Minsky's compound was as pure and stable as appellants', for the record evidence sharply conflicts upon the degree of purity and stability attributable to Minsky's compound and the significance of these facts. We nevertheless affirm the district courts' latter ruling, since appellants do not deny that their claim was overly broad, and do not challenge the legal conclusion that an overly broad claim may not be granted. *See In re Muchmore*, 433 F.2d 824, 826 (C.C.P.A.1970); *Justheim v. Ladd*, 353 F.2d 902, 903 (D.C.Cir.1965). We note, however, that appellants submitted a claim limited to the pure form of the compound (claim 9) to the Patent Office, and that such claim was denied by the Examiner. We suggest to the district court, if and when review of the Board of Appeals' decision with respect to claim 9 is sought, that it be consolidated with the instant proceedings to facilitate the efficient disposition of this entire matter.

■ The government argues that patentability is also barred under 35 U.S.C. § 102(g) because Minsky's work constitutes a "prior invention" within the meaning of that section. We find this argument unavailing at this stage of the case, in light of our conclusion that the question of whether Minsky actually produced tetranitroglycoluril is a genuine issue of material fact to be resolved at trial. In addition, the record reflects that whether Minsky can be said to have "abandoned" his invention within the meaning of § 102(g) is also a matter in dispute.

In sum, we affirm the ruling of the district court that the Minsky Report was available to the public. We also affirm the ruling that, if the Minsky Report discloses tetranitroglycoluril, claim one is barred on grounds of overbreadth. We reverse the judgment of the district court, however, because a genuine issue of material fact exists as to whether the Minsky Report actually discloses tetranitroglycoluril. We also recommend, if and when review of the Board of Appeals' decision concerning appellants' narrow claim on the pure form of the compound is sought (claim 9), that it be consolidated with the instant case.

We have considered appellant's remaining arguments, and find them to be without merit. We accordingly remand the case to the district court for further proceedings not inconsistent with this opinion.

*Judgment accordingly.*

## OPINION ON REHEARING

PER CURIAM.

Appellee's petition for rehearing points out that appellants sought review in district court of the propriety of the PTO's refusal to grant a patent on claim 1-5 of their application. *See* Complaint, at 3-4, reprinted in App. at 5-6. Appellee also notes that claims 4 and 5 relate to *di*nitroglycoluril, and not *tetr*anitroglycoluril, which is described in claims 1-3. *See* App. at 118. Appellee contends that the patentability of claims 4 and 5 hinges solely on whether the Minsky report was available to the public, an issue we resolved in favor of appellee in our original opinion. Appellee therefore requests that we grant rehearing and modify our opinion to make clear that the denial of a patent on claims 4 and 5 is affirmed. However, the only issue before us on appeal was whether the district court erred in affirming the denial of a patent on claim 1, the major claim describing the compound tetranitroglycoluril. In their reply brief, appellants stated that "[c]laims 2-5 are of minor value and *are not in issue.*" Appellants' Reply Brief at 23 (emphasis added). We accordingly limited our consideration to the propriety of the district court's affirmance of the denial of a patent on claim 1, and decline to address other issues today. Therefore, the petition for rehearing is denied because it invites us to reach beyond the issue that was raised on appeal.

*So ordered.*