968 F.2d 92
 296 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Marguerite A. JORDAN, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary, U.S. Department of
Health and Human Services.
 No. 91-5322.
 United States Court of Appeals, District of Columbia Circuit.
 une 26, 1992.
Rehearing En Banc Denied Sept. 17, 1992.
Rehearing Denied Sept. 17, 1992.
 
 Before MIKVA, Chief Judge, and HARRY T. EDWARDS and RUTH BADER GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is
 
 
 2
 ORDERED that the motion be granted substantially for the reasons stated by the district court in its memorandum opinion filed July 2, 1991. Nothing before us indicates that the district court's fact determinations are clearly erroneous. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 
 4
 BEFORE: Mikva, Chief judge; Edwards and Ruth B. Ginsburg, Circuit Judges
 
 ORDER
 
 5
 Sept. 17, 1992.
 
 
 6
 PER CURIAM.
 
 
 7
 Upon consideration of the petition for rehearing, it is
 
 
 8
 ORDERED that the petition be denied. None of appellant's arguments indicates that the district court's fact determinations were clearly erroneous. Appellant belatedly argues that Section 102 of the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071, 1072-74 (1991), may apply to this case; because this argument, first made on petition for rehearing, is untimely, it will not be considered by the court. See Boileau v. Diamond, 659 F.2d 247, 250 (D.C. Cir. 1981) (petition for rehearing denied "because it invites [the court] to reach beyond the issue that was raised on appeal"); Bullock v. Mumford, 509 F.2d 384, 388 (D.C. Cir. 1974) (grounds for reversal not previously placed before the court not considered on petition for rehearing).