923 F.2d 201
 287 U.S.App.D.C. 378
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Andy JUMAN, Appellant,
v.
Ellen KREITZBERG, et al.
 No. 89-7001.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 13, 1990.
 
 Before WALD, Chief Judge, and MIKVA and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellees' motion for summary affirmance, it is
 
 
 2
 ORDERED that the motion be granted in part and denied in part for the reasons stated in the accompanying memorandum. Summary disposition is appropriate where the merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 The district court, in dismissing appellant's complaint on the authority of Swain v. Pressley, 430 U.S. 372 (1977), misconstrued appellant's civil rights suit for damages as an action for habeas corpus relief. Dismissal of the complaint as to two appellees may be summarily affirmed, however, on alternate grounds. See United States v. Garrett, 720 F.2d 705, 710 (D.C.Cir.1983), cert. denied, 465 U.S. 1037 (1984) (decision of lower court must be affirmed if result is correct, although lower court relied upon wrong ground or gave a wrong reason). Both the judge and the prosecutor named as defendants were entitled to absolute immunity from appellant's lawsuit. See Forrester v. White, 484 U.S. 219, 225 (1988) (judicial immunity); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (same); Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (same); see also Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (prosecutorial immunity); Gray v. Bell, 712 F.2d 490, 499 (D.C.Cir.1983), cert. denied, 465 U.S. 1100 (1984) (same).
 
 
 5
 While appellant's complaint against his appointed defense counsel does not appear to satisfy the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), ordinarily a plaintiff is afforded an opportunity to cure a defective pleading before his complaint is dismissed, or dismissal is granted with leave to replead, particularly when the plaintiff is pro se. See Wright & Miller, Federal Practice and Procedure: Civil Sec. 1217. Dismissal of the complaint as to defense counsel is therefore vacated and the case is remanded to afford appellant an opportunity to supplement his complaint with sufficient concrete detail to state an adequate claim against appellee Kreitzberg. Failure to meet the standard of Rule 8(a) on remand will justify dismissal.