946 F.2d 1563
 292 U.S.App.D.C. 83
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Stephen Wesley BAILEY, Appellant,
v.
UNITED STATES of America.
 No. 90-5408.
 United States Court of Appeals, District of Columbia Circuit.
 July 17, 1991.
Rehearing Denied Dec. 2, 1991.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance and the response thereto, and the court's March 26, 1991 order to show cause, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted, essentially for the reasons indicated by the district court in its order filed November 29, 1990. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 Appellant's asserted constitutional claim, seeking damages for violation of his civil rights, is precluded by an earlier district court order, Bailey v. United States, CA 88-3005 (D.D.C. filed June 19, 1989), holding that sovereign immunity bars federal court jurisdiction. See Dozier v. Ford Motor Co., 702 F.2d 1189, 1191 (D.C.Cir.1983). Appellant's asserted claim under the Federal Tort Claims Act is barred by 28 U.S.C. § 2401(b), which provides that all tort claims against the federal government must be filed with the appropriate federal agency within two years of the accrual of the claim. Bailey's claim arose in 1983; he did not file a claim with the Bureau of Prisons until 1990, five years after the statute of limitations ran.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.