948 F.2d 781
 292 U.S.App.D.C. 189
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Eduardo E. GAUTIER, Appellant,
v.
James D. WATKINS, Secretary, U.S. Department of Energy.
 No. 90-5389.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1991.
Order Holding Petition for Rehearing in Abeyance
Feb. 26, 1992.
 
 Before HARRY T. EDWARDS, STEPHEN F. WILLIAMS and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the response thereto, and the reply, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). The district court correctly held that the Equal Employment Opportunity Commission's finding that race had played a discernible role in the employment decision established only a prima facie case of discrimination. See Price Waterhouse v. Hopkins, 490 U.S. 228 (1989); Toney v. Block, 705 F.2d 1364, 1366 (D.C.Cir.1983). The court was also correct in requiring the employer to show by a preponderance of the evidence, rather than by clear and convincing evidence, that Gautier would not have been promoted regardless of race. See Price Waterhouse, 490 U.S. at 252-53 (rejecting clear and convincing standard in favor of preponderance); id. at 254 (noting that EEOC regulations adopting clear and convincing standard concern the proper determination of relief rather than the initial determination of liability).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 ORDER
 
 4
 (Feb. 26, 1992)
 
 
 5
 Upon consideration of appellant's petition for rehearing, it is
 
 
 6
 ORDERED, by the Court that the petition is held in abeyance pending completion of the proceedings on remand from the Supreme Court in Gersman v. Group Health Association, Inc., 931 F.2d 1565 (D.C.Cir. 1991), No. 91-724 (U.S. Jan. 27, 1992).