**James WALKER, Appellant,**

v.

**Walter E. WASHINGTON, Mayor District of Columbia, et al.**

**No. 79–2411.**

United States Court of Appeals, District of Columbia Circuit.

June 30, 1980.

Rehearing Denied July 16, 1980.

542

Richard W. Barton, Deputy Corp. Counsel and Edward E. Schwab, Asst. Corp. Counsel, Washington, D. C., were on the motion of appellees for summary affirmance. Judith W. Rogers, Washington, D. C., Atty., entered an appearance for appellee.

James Walker, pro se, filed a response to appellees' motion for summary affirmance.

Before MacKINNON and ROBB, Circuit Judges.

Opinion PER CURIAM.

**PER CURIAM:**

This case which comes before the motions panel of the Court involves an appeal of a District Court order of summary judgment for appellees, in James Walker's suit challenging his dismissal from the District of Columbia Department of Human Resources. Following two prior similar violations of working requirements, for which he was suspended for short periods, Walker was finally dismissed from his employment for his third violation which consisted of (1) insubordination, refusal to comply with supervisor; (2) neglect of duty, negligence in performing official duties; and (3) impeding government efficiency and economy. His violations consisted of deliberately refusing to fill out and sign "program activity records", which are time sheets of the District of Columbia Department of Human Resources from which information is drawn and submitted to the United States Department of Health, Education and Welfare for purposes of federal reimbursement. Appellees move this Court for summary affirmance. The appellant responded only after the Court issued an order to show cause. The facts and legal arguments are adequately presented in the briefs and records, and oral argument would not significantly aid the Court. We grant appellee's motion.

I

James Walker occupied the position of statistical assistant in the Office of Planning and Evaluation, Research and Statistics Division, Department of Human Resources. On December 22, 1977, he was dismissed for insubordination, neglect of duty, and impeding government efficiency and economy.

Part of Walker's job as an employee of the Research and Statistics Division was to complete time reports forms called "program activity records," which require the employee to report the time spent in each of several different activities. Each Research and Statistics employee was required to complete activity records for intermittent two-week periods in 1976 and 1977 (Nov.–Dec. 1976; Jan.–Feb. 1977; April

1977; Aug. 1977). These reports formed part of a time study used to allocate administrative costs to operating programs toward which the federal government paid varying percentages. The time study was approved by the Department of Health, Education and Welfare, and information from the reports formed part of the data submitted to HEW as a prerequisite to receiving federal matching funds.

On three separate occasions, Walker refused to comply with the report requirement. The first occasion involved the period of Nov. 22–26 and Nov. 29–Dec. 3, 1976. After Walker refused to complete the program activity record and failed to articulate reasons for his refusal, he received a suspension for five days. In early 1977, Walker again refused to fill out the required records, even after he received specific warnings to complete the reports for Jan. 24–28 and Jan. 31–Feb. 4. For this infraction, he was suspended for fifteen days, between May 16 and 30, 1977. Prior to both suspensions, Walker had the opportunity to answer the charges against him.

Again in August 1977, Research and Statistics employees were required to submit program activity records, and again (for the third time) Walker refused, despite strongly worded demands. In October, the Acting Chief of the division proposed Walker's removal. Walker replied in writing and orally; thereafter, the Associate Director of Planning and Evaluation concurred in the notice of dismissal. Accordingly, Walker was dismissed from the Department of Human Resources. Both the dismissal and the two previous suspensions were consistent with the Table of Penalties Guide for the Department of Human Resources. (Administrative Record, Part I, at 27–29.)

■ Walker immediately appealed the dismissal [1] to the Federal Employee Appeals Authority (FEAA), now the Office of Appeals Operations, Merit Systems Protection Board. The FEAA decision, issued on August 9, 1978 after a hearing, affirmed the agency action of dismissal. That decision exhausted the administrative remedies that precede resort to suit.[2] Walker then brought the instant suit in the District Court, challenging the dismissal.

In District Court, Walker asked that his dismissal be declared null and void, and that he be reinstated with compensation for lost pay, or retired with an annuity. His complaint focused on the alleged constitutional violations created by the requirement that he complete the program activity records.[3]

1. Simultaneously, Walker filed suit in the District Court, challenged the dismissal (No. 77–2009). Judge Richey dismissed that suit on January 12, 1978, for failure to exhaust administrative remedies, and on February 10, 1978, Judge Richey refused to vacate the January dismissal.

2. Although the FEAA decision exhausted Walker's remedies, Civil Service regulations permitted Walker to request the Appeals Review Board (now the Office of Appeals Review, Merit Systems Protection Board) to reopen and reconsider the FEAA decision. Walker made that request. After reviewing the FEAA decision and the administrative record, the Office of Appeals Review denied Walker's request on August 9, 1979.

3. In the memorandum accompanying the complaint, Walker attempted to make the suit a vehicle for his other grievances against his former employer. He alleged, for example, that previously a nonveteran was promoted above him; that there was a "break in the chain of command" in the employer agency; and that he was denied equality of advancement (but with no indication that he suffered discrimination prohibited by the various civil rights provisions). Evidently, Walker did initiate at least one personnel action to get a promotion. (Deposition of James Walker, at 24.)

Walker seemed to view his other complaints more as additional ammunition in his fight to regain his position than as actual causes of action. He gave no indication that, as to those complaints, he had followed the proper grievance procedure within the Department of Human Resources in a timely manner. Moreover, his official notice of appeal to the FEAA focused on the dismissal; only in accompanying papers did he bring up his other complaints. In its opinion, the FEAA mentions Walker's extraneous contentions, but does not deal with them, because they are not related to the merits of the charge that led to Walker's dismissal.

The District Court also refused to rule on the merits of Walker's other allegations, which were wholly unrelated to the matter of dismissal. We agree with the District Court's state-

After a review of the administrative record, the court concluded that Walker's dismissal had been proper. Accordingly, the court granted summary judgment for the defendants.

Walker appealed to this Court from the District Court's grant of summary judgment, and Appellees have moved for summary affirmance of said judgment.

## II

The decisions of this Court establish that the scope of review in employee discharge cases, such as we have here, is limited. Such cases, although framed as original district court actions for reinstatement and related relief, are decided on the basis of the administrative record and governed by principles applicable to judicial review of administrative action. *Polcover v. Secretary of the Treasury*, 477 F.2d 1223 (D.C. Cir.), *cert. denied*, 414 U.S. 1001, 94 S.Ct. 356, 38 L.Ed.2d 237 (1973). Discretion lies in the hands of the agencies involved, and the Court will not substitute its own judgment for that of the agencies. "Review is thus limited to whether the agency denied the employee his appropriate procedural rights and whether the decision to remove the employee was arbitrary and capricious." *Gueory v. Hampton*, 510 F.2d 1222, 1225 (D.C.Cir.1974).

Moreover, no special deference is paid to the decision of the District Court. Instead, this Court is to review the record and determine anew if the agency committed procedural or substantive error, or if the agency action was arbitrary or capricious.[4] *Polcover*, 477 F.2d at 1226–27. Be-

cause appellees now ask for summary affirmance of the judgment of the District Court, however, it is necessary to address briefly one threshold issue considered by the District Court.

Jurisdiction is that threshold issue. Defendants do not argue that the D.C. officials are immune from suit.[5] They allege, however, that Walker had not properly invoked the jurisdiction of the District Court, and on court order defendants submitted a memorandum on jurisdiction. The court subsequently concluded that it had jurisdiction, conferred by 5 U.S.C. § 702. Two problems exist with this source of jurisdiction. The first is that, although the suit required a review of the FEAA decision, the suit itself was against officials of the District of Columbia, in their official capacity. Suits against officials are in actuality suits against the employing government, *cf. Zapata v. Smith*, 437 F.2d 1024, 1025 (5th Cir. 1971) (U. S. government employer). The government involved here, however, is the District of Columbia, and section 701(b)(1)(D) prescribes specifically that the government of the District of Columbia is not an "agency" subject to review under section 702.

Secondly, even if the suit can be construed as asking review of the action of the FEAA rather than against officials of the District of Columbia, section 702, without another supporting statute, is insufficient to confer jurisdiction. At one time, this circuit had concluded that section 702 provided an independent source of jurisdiction that empowered the district courts to review agency action. *Pickus v. United*

ment that Walker should have timely sought his remedy through regular channels, instead of raising those allegations in a proceeding about an unrelated matter.

4. Congress has recently remedied this seemingly duplicative review. The Civil Service Reform Act of 1978, Pub.L.No.95–454, 92 Stat. 1111, provides for review of final personnel actions of the Merit Systems Protection Board in the Court of Claims or a United States Court of Appeals, 5 U.S.C. § 7703(b)(1). Cases to which this provision applies will no longer be subject to review in both the district and the

appellate court. The law, however, does not apply to personnel actions, like Walker's, pending on the January 1979 effective date of the statute. *See Kyle v. ICC*, 609 F.2d 540 (D.C. Cir.1979).

5. In his response to the order to show cause, Walker cites *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 64 L.Ed.2d 673 (1980), as applicable to his case. That decision, which involves municipalities and immunity under 42 U.S.C. § 1983, is inapposite in this case, which poses no question of immunity under § 1983.

*States Board of Parole*, 507 F.2d 1107, 1109 (D.C.Cir.1974). Now, however, the Supreme Court has made it clear that section 702 is not an independent jurisdictional provision. *Califano v. Sanders*, 430 U.S. 99, 104–07, 97 S.Ct. 980, 983–985, 51 L.Ed.2d 192 (1977). Thus, were jurisdiction to be founded only on section 702, the suit would fail.

■ In his complaint Walker based jurisdiction on several provisions, most of which are clearly inapposite. Among the provisions, however, was 28 U.S.C. § 1331. In the memorandum on jurisdiction in the district court, defendants acknowledged that Walker had based his suit on violations, evidently alleged in good faith, arising under the Constitution. They argued, however, that the complaint does not contain an averment as to the amount involved.[6] Walker's jurisdictional statement cites only the statutory sections on which he bases jurisdiction, and does not allege that the amount in controversy exceed $10,000. Nevertheless, it is clear from the face of the complaint that Walker's claim involves more than $10,000: he demands more than $16,000 in lost wages or $40,000 in retirement benefits. Although this amount does not appear with Walker's reference to section 1331, an amount alleged in an *ad damnum* clause generally supports the jurisdictional amount requirement. *E. g., Wade v. Rogala*, 270 F.2d 280 (3d Cir. 1959). Especially in light of Walker's *pro se* status, we conclude that his complaint satisfied the requirements for federal question jurisdiction.

### III

■ Having concluded that the District Court properly assumed jurisdiction of this case, we reach the merits of the summary affirmance motion. We note that a party who seeks summary disposition of an appeal must demonstrate that the merits of his claim are so clear as to justify expedited action. *United States v. Allen*, 408 F.2d 1287, 1288 (D.C.Cir.1969). We believe that the merits of this appeal are so clear as to make summary affirmance proper.

■ This Court's role is to review the record, with an eye toward procedural or substantive error and arbitrary or capricious agency action. *Polcover v. Secretary of the Treasury*, 477 F.2d at 1226–27. The agency action, as outlined in the administrative record, evidences no procedural error. Walker refused for the third time to fill out the program records; as on other occasions, his supervisor gave him a deadline for completing the reports. Walker did not meet the deadline, nor did he articulate reasons for his refusal to complete the reports. Pursuant to Civil Service regulations, Walker received notice of the proposed dismissal at least 30 days in advance of the proposed action. That notice set forth in detail the reasons for the dismissal; informed Walker of his right to reply orally and in writing; and directed him to the location of material relied on to support the proposed dismissal. (Administrative Record, Part I, at 77–78.) Walker replied both in writing and personally, and his replies were considered in the final decision to dismiss, made by a Department of Human Resources official at a higher level than the official who had proposed the dismissal. On being informed of the final dismissal decision, the agency informed Walker of his right to appeal that action to FEAA. Walker took advantage of that right. He had a full hearing before FEAA, after which the agency issued a detailed decision confirming the dismissal.

Walker had ample opportunity to challenge his dismissal, and he took advantage of that opportunity. Neither the Department of Human Resources nor FEAA ignored appropriate procedure in deciding to dismiss Walker and in upholding that dismissal.

---

**6.** A recent amendment of § 1331 provides that the jurisdictional amount need not be alleged in suits against the United States, its agencies, officers, or employees. Employees of the District of Columbia, however, are not employees of the United States. *Bradshaw v. United States*, 443 F.2d 759 (D.C.Cir.1971). Thus, the amendment does not absolve Walker of his burden of alleging the required jurisdictional amount.

The constitutional issues that Walker raises to challenge his dismissal are without merit. He alleges that requiring him to complete the program activity record denies equal protection and due process, leads to self-incrimination, and is "an illegal search of the mental process and physical agility of the Appellant." (Brief for appellant, at 3.) However, study of time reports is a traditional method used in analyzing the working efficiency of employees and working units. Walker articulates the nature of the violations he alleges only vaguely, and his claims are clearly frivolous.

He argues, for example, that his rights were violated because not all Department of Human Resources employees are required to complete the program activity records. Nonetheless, employees in the Research and Statistics Division are so required, and Walker is treated no differently than other employees within his own division.

Walker's self-incrimination argument is also without merit. The program activity records have a legitimate business purpose: to allocate administrative costs, as part of the process of receiving matching federal funds. The information Walker was required to submit will not subject him to criminal charges. Moreover, Walker himself admits that he does not fear even employer discipline for failing to work a full day. Instead, on deposition, he claimed that just having to sign the forms is "demeaning, degrading, and incriminating." (Deposition of James Walker, at 39.) The self-incrimination claim is frivolous. Walker's "illegal search" claim is also frivolous. The program activity requirement is not a search into his property or personal effects. It merely requires him to account occasionally for the time for which he is being paid. ▆ Walker has not established that the program activity record requirement violates his constitutional rights. Moreover, the agency did not dismiss him without giving him an opportunity to be heard and to have his views considered by the decisionmaker. And the dismissal complied with the agency's standard penalties for the infractions Walker committed for the third time within a year. Dismissal is not a harsh remedy for a third instance of flagrant insubordination. Efficiency could be said to require such action.

Because the agency action was not procedurally or substantively defective, or arbitrary and capricious, the motion for summary affirmance is granted.

*Judgment accordingly.*