923 F.2d 200
 287 U.S.App.D.C. 377
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Fred E. CHRISTIAN, Appellant,
v.
K.M. HAWK, Assistant Director.
 No. 90-5024.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 1, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for appointment of counsel, the motion for summary affirmance and the opposition thereto, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted as to Christian's claims for damages against the Bureau of Prisons ("BOP") and K.M. Hawk. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). Christian's failure to file a claim for damages with the BOP mandates dismissal of his damages claims against the agency. See 28 U.S.C. Sec. 2675(a) (1982 & Supp. IV 1986); Hohri v. United States, 782 F.2d 227, 245-46 (D.C.Cir.1986), rev'd on other grounds, 482 U.S. 64 (1987). Nor did Christian demonstrate that Hawk's actions "violate[d] [his] clearly established statutory or constitutional rights." See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, the district court's conclusion that these claims were barred by qualified immunity was correct. It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that Christian's habeas corpus claims seeking restoration of his good-time credits be remanded. The district court is directed to transfer these claims to the Southern District of Indiana, the district in which Christian was incarcerated when his complaint was filed. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C.Cir.1988) (en banc) (transfer "uniquely appropriate" in habeas cases where venue is improper); 28 U.S.C. Sec. 1631 (1982 & Supp. IV 1986) (authorizing transfer "in the interests of justice" to court "in which the action could have been brought"). Christian's allegations that prison officials excluded him from his disciplinary hearing may state a viable due process claim. See Moody v. Miller, 864 F.2d 1178, 1180 (5th Cir.1989) (prisoners must be given opportunity to attend disciplinary hearings where they are threatened with loss of good-time credits); see also Wolff v. McDonnell, 418 U.S. 539, 566 (1973) (prisoners have the right to call witnesses in their defense).
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.