927 F.2d 1257
 288 U.S.App.D.C. 402
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Everett BURKETT, Appellant,
v.
Richard L. THORNBURGH, Attorney General, et al.
 No. 90-5076.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 20, 1991.
 
 AFFIRMED.
 Before BUCKLEY, SENTELLE and RANDOLPH, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the order to show cause, and the responses thereto, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is FURTHER ORDERED, on the court's own motion, that the district court's order filed May 5, 1989, be summarily affirmed. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 3
 Appellant's allegations that he was improperly terminated from the Witness Protection Program ("WPP") without notice are expressly precluded by the relevant statute, 18 U.S.C. Sec. 3521(f) (1982) (decisions to terminate protection under the WPP "shall not be subject to judicial review"). Furthermore, appellant's allegations that he has been "continuously confined in prison segregation, and deprived of any employment, educational, vocational, or recreational activities" are without merit, inasmuch as Attorney General Thornburgh and another Justice Department official were the only named defendants. These individuals have no apparent connection with the alleged deprivations. Therefore, dismissal of this claim was appropriate under Fed.R.Civ.P. 8(a). See C. Wright & A. Miller, Federal Practice and Procedure Sec. 1234 at 264 1990) (dismissal justified where plaintiff "fails to connect defendant with the alleged wrong").
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.