923 F.2d 201
 287 U.S.App.D.C. 378
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Lorenzo W. TIJERINA, Appellant,
v.
Harry N. WALTERS, et al.
 No. 90-5073.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 13, 1990.
Rehearing En Banc Denied March 5, 1991.
 
 Before MIKVA, RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the response to the order to show cause, the motion for summary affirmance, the motion to dismiss motion for summary affirmance, and the motion for leave to file out of time, it is
 
 
 2
 ORDERED that the motion for leave to file out of time be granted. The Clerk is directed to file the lodged documents. It is
 
 
 3
 FURTHER ORDERED that the motion to dismiss motion for summary affirmance be construed as Tijerina's opposition to the motion for summary affirmance. It is
 
 
 4
 FURTHER ORDERED that the order to show cause be discharged. It is
 
 
 5
 FURTHER ORDERED that the motion for summary affirmance be granted for the reasons stated in the accompanying memorandum. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 7
 Lorenzo Tijerina appeals the district court's dismissal of his claims arising under the Privacy Act, 5 U.S.C. Sec. 552a (1982). Tijerina's failure to submit releases authorizing the appellees to gain access to "all information in the files of [the District of Columbia and Texas Bars] concerning plaintiff's applications for membership," in violation of the district court's order of March 14, 1989, was a permissible basis for dismissal of these claims unless the underlying discovery order was incorrect. See Fed.R.Civ.P. 37(b); Greater Newburyport Clamshell Alliance v. Pub.Serv.Co. of New Hampshire, 838 F.2d 13, 17 (1st Cir.1988) (validity of contempt order issued under Fed.R.Civ.P. 37(b)(2) depends on correctness of underlying discovery order).
 
 
 8
 The district court's March 14, 1989 order did not constitute an abuse of discretion. The materials appellees sought were not cumulative, nor were they irrelevant to the question whether Tijerina was harmed by the Silverstein letters, and thus entitled to monetary damages. See Fed.R.Civ.P. 26(b). Moreover, assuming arguendo that state or federal confidentiality statutes shielded the materials sought by the appellees, Tijerina, by bringing a claim against appellees, waived any privilege protecting documents relevant to the damages issue. See Greater Newburyport Clamshell Alliance, 838 F.2d at 20. Because the district court's discovery order was proper, the court did not abuse its discretion in dismissing Tijerina's remaining claims. See Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (D.C.Cir.1990).