925 F.2d 490
 56 Fair Empl.Prac.Cas. 880,
61 Fair Empl.Prac.Cas. 1288,
288 U.S.App.D.C. 259
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jennie SHAMEY, Appellant,
v.
ADMINISTRATOR, GENERAL SERVICES ADMINISTRATION.
 No. 90-5089.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 23, 1991.
Rehearing Denied April 4, 1991.
 
 Before MIKVA, HARRY T. EDWARDS and RUTH BADER GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance and the response thereto, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.), cert. denied, 449 U.S. 994 (1980).
 
 
 3
 The district court's pivotal fact findings are not clearly erroneous, and that court correctly stated and applied the dispositive legal rules. With the exception of appellant's claim of age discrimination in connection with the Sandra Brooks promotion, we affirm the district court's disposition of appellant's claims of sex, age, national origin, and retaliatory discrimination substantially for the reasons stated in the district court's order and findings of fact and conclusions of law filed January 23, 1990. We affirm the district court's disposition of appellant's claim of age discrimination in the Brooks promotion because, although there is evidence that Brooks was less than 40 years old at the time of her promotion, the district court did not err in its finding that the agency articulated legitimate non-pretextual reasons for its promotion of Brooks rather than appellant. Finally, the district court correctly found that appellant was employed under a merit system, which appellant did not show to be other than bona fide; employment under a bona fide merit system is a defense to the claim raised by appellant under the Equal Pay Act, 29 U.S.C. Sec. 206(d)(1).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.