948 F.2d 781
 292 U.S.App.D.C. 189
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Herman Joseph JAINDL, Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION.
 No. 90-5377.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1991.
 
 Before HARRY T. EDWARDS, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellee's motion for summary affirmance and the responses thereto, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). The Federal Bureau of Investigation ("FBI") properly invoked Freedom of Information Act ("FOIA") exemptions 5 U.S.C. §§ 552(b)(2), (7)(C), and (7)(D) to withhold certain documents and to redact portions of other documents responsive to Jaindl's request. Moreover, the FBI properly invoked Privacy Act exemption 5 U.S.C. § 552a(j)(2), which exempts the FBI's entire central records system from the access provision of the Privacy Act. See 28 C.F.R. § 16.96 (1988). Appellant, therefore, has received all of the documents to which he is entitled under the Privacy Act and FOIA.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.