951 F.2d 1323
 293 U.S.App.D.C. 56
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Curtis E. CRAWFORD, Appellant,
v.
DISTRICT OF COLUMBIA BOARD OF PAROLE.
 No. 91-7035.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 26, 1991.
 
 Before MIKVA, Chief Judge and HARRY T. EDWARDS and D.H. GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the dispositive motion under extraordinary circumstances and the motion in opposition of claim by appellee, which the court construes as motions for summary reversal, the motion for appointment of counsel, and the extraordinary emergency motion for injunctive relief, which the court construes as a motion for access to the law library, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. Except in a criminal trial and on appeal therefrom, appointment of counsel is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Circuit Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 3
 FURTHER ORDERED that the motion for summary reversal be denied. It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that the district court's order filed December 12, 1990, be summarily affirmed for the reasons stated therein. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). It is
 
 
 5
 FURTHER ORDERED that the motion for access to the law library be denied. The court has previously addressed appellant's contention regarding denial of access to the law library while he is in administrative detention in Crawford v. Dixon, No. 90-7189, unpublished order (D.C.Cir. Aug. 16, 1991), and Crawford v. United States, No. 91-5003, unpublished order (D.C.Cir. Oct. 21, 1991), by ordering the government to ensure that appellant has access to Lorton's prison libraries to the extent required by the consent decree in Lewis v. Freeman, 82cv1066 (D.D.C. Dec. 9, 1983). Cf. Crawford v. D.C. Department of Corrections, No. 91-7009, unpublished order (D.C.Cir. Nov. 1, 1991) (appellant ordered to show cause why this court should not summarily affirm the district court's dismissal of his civil rights claim for access to law library where officials provided him with request forms).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.