957 F.2d 912
 294 U.S.App.D.C. 163
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
John M. MAY, Appellant,
v.
Richard THORNBURGH, et al.
 No. 91-5017.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 27, 1992.
 
 Before MIKVA, Chief Judge, and RUTH B. GINSBURG and D.H. GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the motion for denial of appellees' motion for summary affirmance and the reply, and the rebuttal in vitiation of appellees' reply to motion by appellant for denial of appellee's motion for summary affirmance, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted for the reasons stated in the accompanying memorandum. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant filed his Freedom of Information Act (FOIA) request with INTERPOL on January 17, 1990. Six days later, the agency responded, indicating that it could not meet the statutory deadline "due to a substantial backlog of pending requests and limited personnel resources." Although FOIA instructs agencies to respond to requests within ten days, this requirement is excused if exceptional circumstances exist and the agency is exercising due diligence in responding to requests. 5 U.S.C. § 552(a)(6)(C). This court has held that an agency faced with a significant backlog of requests and limited resources for responding is in compliance with FOIA if it is exercising good faith in processing requests in the order of receipt. See Open America v. Watergate Special Prosecution Task Force, 547 F.2d 605, 615-16 (D.C.Cir.1976). Absent any demonstration of exceptional need or urgency by the requester, the agency is not required to comply with FOIA's ten-day response time in such circumstances. Id. Appellant's complaint did not challenge INTERPOL's statement concerning its backlog and lack of resources and did not assert that special circumstances demanded speedy processing of his complaint.
 
 
 5
 Appellant's complaint fails to satisfy the heightened pleading standard applicable to "Bivens " actions of the kind he has initiated. See Seigert v. Gilley, 111 S.Ct. 1789, 1794 (1991); Whitacre v. Davey, 890 F.2d 1168, 1170-71 (D.C.Cir.1989), cert. denied, 110 S.Ct. 3301 (1990). Additionally, May has not disputed the exemptions asserted by the agency to justify withholding the requested documents. Nor can he tenably allege that the INTERPOL agents' failure to respond within ten days, under the circumstances presented, violated FOIA. For these reasons, the district court's dismissal of May's complaint is summarily affirmed.