959 F.2d 1102
 295 U.S.App.D.C. 98
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Bernard W. REESE, Sr., Appellant,
v.
U.S. Department of the Interior, et al.
Bernard W. REESE, Appellant,
v.
U.S. DEPARTMENT OF THE INTERIOR, et al.
 Nos. 91-5015, 91-5016.
 United States Court of Appeals, District of Columbia Circuit.
 March 4, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motions for summary affirmance and the opposition thereto, it is
 
 
 2
 ORDERED that the motions be granted for the reasons stated in the attached memorandum. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 3
 The Clerk is directed to file this order and the attached memorandum in both of the above-captioned cases.
 
 
 4
 The Clerk is further directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 5
 Appellant Reese never amended his complaint number 88cv1370, Reese v. United States Department of the Interior, et al., despite the district court's order of June 19, 1990 giving him permission to do so. Therefore, the district court did not abuse its discretion in dismissing this complaint.
 
 
 6
 With regard to complaint number 90cv0338, Reese v. United States Department of the Interior, et al., the matter of the Park Police officers' conduct during the February 22, 1985 search of Reese's residence was earlier litigated in numbers 86cv0535, Reese v. United States Park Police, et al., and 86cv0728, Reese v. Palmer, et al. Therefore, the doctrine of claim preclusion bars this further action. Under that doctrine, once a final judgment on a claim has been entered, a party may not pursue a second action based on the same episode. North v. Walsh, 881 F.2d 1088, 1093 (D.C.Cir.1989). The doctrine extends to pleas and evidence which could have been offered to sustain the claim in the first proceeding. Id.