957 F.2d 912
 294 U.S.App.D.C. 163
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Clara S. LEE
v.
James A. BAKER, III, Secretary of the Treasury, Appellant.
 No. 90-5324.
 United States Court of Appeals, District of Columbia Circuit.
 March 17, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 
 ORDER
 PER CURIAM
 
 1
 Upon consideration of the motion for leave to file a motion for enlargement of time, the motion for enlargement of time and the opposition thereto; the unopposed motion for leave to file one day late the reply in support of the motion for summary affirmance; the motion for summary affirmance, the opposition thereto and the reply; and the motion for leave to withdraw as counsel, the opposition thereto and the reply, it is
 
 
 2
 ORDERED that the motion for leave to file a motion for enlargement of time, the motion for enlargement of time, and the unopposed motion for leave to file one day late the reply in support of the motion for summary affirmance be granted.
 
 
 3
 The Clerk is directed to file the lodged documents. It is
 
 
 4
 FURTHER ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 5
 In Brown v. Secretary of the Army, 918 F.2d 214, 218 (D.C.Cir.1990), cert. denied, --- U.S. ----, 112 S.Ct. 57 (1991), this court held that "the Back Pay Act, [5 U.S.C. § 5596,] to the extent of its coverage, waives the federal government's sovereign immunity [as to] prejudgment interest on Title VII back pay awards." Brown stands as law of the circuit and is dispositive of this appeal.
 
 
 6
 We find meritless the Secretary's submission that an essential element of the court's reasoning in Brown constitutes dictum. See, e.g., Florida Central Railroad Company v. Schutte, 103 U.S. 118, 143 (1880) ("It cannot be said that a case is not authority on one point because, although that point was properly presented and decided in the regular course of the consideration of the cause, something else was found in the end which disposed of the whole matter"); Cross v. Harris, 418 F.2d 1095, 1105, n. 64 (D.C.Cir.1969) (distinction between dictum and holding turns on whether "the court, in stating its opinion on the point, believed it necessary to decide the question or was simply using it by way of illustration of the case at hand"); Sarnoff v. American Home Products Corporation, 798 F.2d 1075, 1084 (7th Cir.1986) (dictum is "a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding--that, being peripheral, may not have received the full consideration of the court that uttered it"). It is
 
 
 7
 FURTHER ORDERED that the motion for leave to withdraw as counsel be dismissed at moot.
 
 
 8
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.