971 F.2d 765
 297 U.S.App.D.C. 302
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
John H. DOUGHTY, Jr., Appellant,
v.
U.S. PAROLE BOARD, et al.
 No. 92-5028.
 United States Court of Appeals, District of Columbia Circuit.
 June 2, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the opposition thereto and the reply; and motion to expedite and the opposition thereto, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). The dismissal of monetary claims against the federal appellees was affirmed in an earlier action by this court. See Doughty v. U.S. Board of Parole, No. 90-5276 (D.C.Cir. May 31, 1991) (per curiam). Appellant's claims against the District of Columbia appellees do not meet this court's "heightened pleading standard." See Hunter v. District of Columbia, 943 F.2d 69, 74-76 (D.C.Cir.1991); Martin v. Malhoyt, 830 F.2d 237, 256-57 (D.C.Cir.1987); Hobson v. Wilson, 737 F.2d 1, 31 (D.C.Cir.1984), cert. denied, 470 U.S. 1084 (1985). Doughty's remaining claim attacks the duration of his confinement, and as such, sounds in habeas. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C.Cir.1988) (en banc); Guerra v. Meese, 786 F.2d 414, 415 (D.C.Cir.1986). Because a district court must have jurisdiction over the custodian of the prisoner to entertain a habeas corpus action, the district court properly transferred the remaining claim to the Eastern District of Kentucky, where Doughty's custodian resides. See Chatman-Bey, 864 F.2d at 810-11. It is
 
 
 3
 FURTHER ORDERED that the motion to expedite be dismissed as moot.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.