971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James HARRIS, Appellant,
v.
Sharon Pratt KELLY, Mayor of the District of Columbia
Government, et al.
 No. 91-7102.
 United States Court of Appeals, District of Columbia Circuit.
 June 5, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for appointment of counsel, the motion for summary affirmance, and the opposition thereto, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. Appointment of counsel in a civil action is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Circuit Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 Harris' complaint fails to set forth facts sufficient to state a claim upon which relief can be granted. The "statutes, regulations, policies and practices of the District of Columbia Board of Parole (the Board) do not create a liberty interest" in parole, because they allow the Board broad discretion as to when an inmate is eligible for parole. See Brandon v. District of Columbia Bd. of Parole, 631 F.Supp. 435, 440 (D.D.C.1986), aff'd, 823 F.2d 644 (D.C.Cir.1987). The statute governing the Board's decision to apply for a reduction of an inmate's sentence also grants broad discretion to the Board. See D.C.Code Ann. § 24-201(c) (the Board in its discretion may apply to the court for a reduction of a prisoner's minimum sentence) (emphasis added). Unlike the statute in Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1978), this statute does not create any constitutionally protected interest.
 
 
 5
 Nor does the prison officials' delay in forwarding the written materials to the Board rise to the level of a constitutional violation. See Brandon, 823 F.2d at 649 (thirty-eight month delay in obtaining necessary psychiatric evaluation did not violate prisoner's right to due process because there is no constitutionally protected interest in having the parole board adhere to its procedural requirements).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.