968 F.2d 92
 296 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
John David STOKES, and Carolyn Ramsey Stokes, individuals
and as citizens of Virginia
v.
GEORGE HYMAN CONSTRUCTION COMPANY, INC., Appellant.
 No. 91-7189.
 United States Court of Appeals, District of Columbia Circuit.
 June 25, 1992.
 
 Before MIKVA, Chief Judge, and HARRY T. EDWARDS and RUTH BADER GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary reversal, the opposition thereto and the cross-motion for summary affirmance contained therein, the unopposed motion for leave to file reply and opposition to cross-motion for summary affirmance, and the motion to expedite, it is
 
 
 2
 ORDERED that the motion for leave to file reply and opposition to cross-motion for summary affirmance be granted. The Clerk is directed to file the lodged pleading. It is
 
 
 3
 FURTHER ORDERED that the motion for summary reversal be denied and that the district court's orders filed April 3, 1990 and October 25, 1991 be summarily affirmed. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 The District of Columbia Court of Appeals is undeniably the final arbiter on questions of District of Columbia local law. See, e.g., Keener v. WMATA, 800 F.2d 1173, 1178 (D.C.Cir.1986), cert. denied, 480 U.S. 918 (1987). Because the scope of a general contractor's immunity from tort liability under the District of Columbia Workers' Compensation Act of 1979 is a question of local law, the district court properly deferred to the District of Columbia Court of Appeals' resolution of this issue in Meiggs v. Associated Builders, Inc., 545 A.2d 631 (D.C.1988), cert. denied, 490 U.S. 1116 (1989).
 
 
 5
 We reject Hyman's contention that the Supreme Court's contrary construction of identical language in WMATA v. Johnson, 467 U.S. 925 (1984), makes deference to Meiggs inappropriate. The Johnson Court did not construe the 1979 Act at issue in Meiggs, but instead addressed the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., adopted by reference in the District of Columbia Workers' Compensation Act of 1928. Because identical language in different statutes need not carry the same meaning, the district court's deference to Meiggs was entirely proper.
 
 
 6
 The district court also properly denied Hyman's motion for judgment notwithstanding the verdict or for a new trial. Viewed in the light most favorable to Stokes, and giving him the advantage of all reasonable inferences, the evidence was not so one-sided that reasonable people could not disagree on the verdict. See Bell v. May Department Stores Co., 866 F.2d 452, 455 (D.C.Cir.1989). It is
 
 
 7
 FURTHER ORDERED that the motion to expedite be dismissed as moot.
 
 
 8
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.