966 F.2d 701
 296 U.S.App.D.C. 181
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Donald Gene HENTHORN, Appellant,
v.
Michael FITZPATRICK, et al.
 No. 91-5025.
 United States Court of Appeals, District of Columbia Circuit.
 May 8, 1992.
Rehearing and Rehearing En Banc
Denied July 2, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the order to show cause filed December 17, 1991, and the show cause why the motion for summary affirmance should not be considered, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted for the reasons stated in the accompanying memorandum. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 5
 The district court properly dismissed as moot Henthorn's claims for injunctive relief concerning conditions at F.C.I. Big Spring, Texas in light of Henthorn's transfer from Big Spring to F.P.C. Millington, Tennessee. Although Henthorn's request that the court declare 28 C.F.R. §§ 540.18(a) and 540.19(a) null and void was not mooted by the transfer, his claim that these regulations authorize prison officials to open and read incoming mail out of the inmate's presence is frivolous. See 28 C.F.R. § 540.18(a) (authorizing warden to open incoming mail only in inmate's presence and prohibiting him from reading correspondence marked as special mail); see also Wolff v. McDonnell, 418 U.S. 539, 574-77 (1974) (upholding similar regulations). Likewise, although Henthorn's challenge to the program statement governing provision of postage to indigent inmates for legal mail was not mooted by his transfer, Henthorn did not allege that he had in fact been denied access to administrative remedies or to the courts by virtue of the program statement.
 
 
 6
 The district court properly dismissed Henthorn's claims for damages against the United States and its officers sued in their official capacities because the government has not waived sovereign immunity with respect to constitutional tort claims. See Clark v. Library of Congress, 750 F.2d 89, 102-04 (D.C.Cir.1984); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir.1982), cert. denied, 459 U.S. 1210 (1983). Dismissal of Henthorn's claims against the Big Spring appellees was also appropriate because the court lacked personal jurisdiction over these appellees; none of them resided in the District of Columbia, and none of the conduct complained of occurred in or caused injury in the District.
 
 
 7
 The court also properly dismissed Henthorn's claims against the supervisory appellees. Henthorn alleged no personal involvement by them in the events complained of, and federal officials are not subject to respondeat superior liability in actions under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See McClam v. Barry, 697 F.2d 366, 368 (D.C.Cir.1983); Tarpley v. Green, 684 F.2d 1, 9-11 (D.C.Cir.1982). Moreover, Henthorn's conclusory allegations are not adequate to state a claim of failure to supervise. Finally, dismissal of Henthorn's claims against the prosecuting appellees was appropriate because his conclusory allegations of misconduct were insufficient to meet the heightened pleading standard applicable to Bivens actions. See Martin v. Malhoyt, 830 F.2d 237, 254-58 (D.C.Cir.1987); Hobson v. Wilson, 737 F.2d 1, 29-31 (D.C.Cir.1984), cert. denied, 470 U.S. 1084 (1985).