971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Donald Gene HENTHORN, Appellant,
v.
James B. BUSY, Administrator, Federal Aviation Administration, et al.
 No. 91-5239.
 United States Court of Appeals, District of Columbia Circuit.
 June 9, 1992.
Rehearing Denied July 23, 1992.
 
 Before WALD, HARRY T. EDWARDS and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the motion to deny the motion for summary affirmance, and the motion for summary reversal contained therein, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted for the reasons stated in the accompanying memorandum. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). It is
 
 
 3
 FURTHER ORDERED that the motion for summary reversal be denied.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 5
 The district court properly dismissed Henthorn's claims for damages against the United States, the National Transportation Safety Board, the Federal Aviation Administration, and the appellees sued in their official capacities because the government has not waived sovereign immunity with respect to constitutional claims. See Clark v. Library of Congress, 750 F.2d 89, 102-04 (D.C.Cir.1984); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir.1982), cert. denied, 459 U.S. 1210 (1983).
 
 
 6
 Dismissal of Henthorn's claims for damages against the Attorney General and the Administrator of the Federal Aviation Administration was also appropriate because Henthorn alleged no personal involvement by them in the events complained of, federal officials are not subject to respondeat superior liability in actions under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and Henthorn's conclusory allegations of inadequate supervision do not meet the heightened pleading standard applicable to Bivens actions. See Martin v. Malhoyt, 830 F.2d 237, 254-58 (D.C.Cir.1987); Hobson v. Wilson, 737 F.2d 1, 29-31 (D.C.Cir.1984), cert. denied, 470 U.S. 1084 (1985).
 
 
 7
 The district court also correctly held that Chief Law Judge Fowler, Administrative Law Judge Mullins, Assistant Chief Counsel Hettinger, and Staff Attorney Bachman are absolutely immune from liability in damages for actions taken in the revocation proceedings. See Butz v. Economou, 438 U.S. 478, 514-17 (1978).
 
 
 8
 Finally, the district court properly dismissed Henthorn's claim for an injunction nullifying the revocation of his airman certificate because such relief is available on Henthorn's petition for review of the National Transportation Safety Board's final order.