968 F.2d 92
 296 U.S.App.D.C. 356
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Norman HOLLEY, Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES.
 No. 91-5321.
 United States Court of Appeals, District of Columbia Circuit.
 June 26, 1992.
Rehearing Denied Sept. 16, 1992.
 
 Before MIKVA, Chief Judge, and HARRY T. EDWARDS and RUTH BADER GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is
 
 
 2
 ORDERED that the motion for summary affirmance be granted. The complaint fails to state a claim because the Privacy Act, 5 U.S.C. § 552a, does not provide a basis for the relief appellant seeks. See Kleiman v. Department of Energy, 956 F.2d 335, 338 (D.C.Cir.1992). The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 3
 The court notes that appellant's reply was not in conformity with this Circuit's ten-page limitation for replies. See D.C.Cir.Rule 7.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 
 5
 BEFORE: Mikva, Chief Judge; Edwards and Ruth B. Ginsburg, Circuit Judges
 
 ORDER
 
 6
 Sept. 16, 1992.
 
 
 7
 PER CURIAM.
 
 
 8
 Upon consideration of the petition for rehearing, it is
 
 
 9
 ORDERED that the petition is denied. Although petitioner's claim "arises under" the laws of the United States for jurisdictional purposes, see 28 U.S.C. § 1331, the Privacy Act does not afford the relief petitioner seeks. Therefore, this court properly affirmed the district court's dismissal on that ground. See, e.g., Office of Professional Employees v. Washington Metropolitan. Area Transit Authority, 724 F.2d 133, 139 (D.C. Cir. 1983).