15 F.3d 1159
 304 U.S.App.D.C. 428
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
DAINGERFIELD ISLAND PROTECTIVE SOCIETY; Kenneth Williams;
Ellen Pickering; Jean Caldwell; Save The George
Washington Parkway; and Northeast
Citizen Association, Appellants,
v.
Bruce BABBITT, Secretary, U.S. Dept. of Interior; William
P. Horn, Assistant Secretary, U.S. Department of Interior;
William Penn Mott, Jr., Director, National Park Service;
Manus J. Fish, Jr., Regional Director, National Capital
Region, National Park Service; National Capital Planning
Commission; Richmond, Fredericksburg and Potomac Railroad
Co.; and Potomac Greens Associates Partnership.
 No. 93-5218.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 13, 1993.
 
 Before: SILBERMAN, BUCKLEY and GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motions for summary affirmance, the opposition thereto, and the replies, it is
 
 
 2
 ORDERED that the motions be granted in part. We summarily affirm those portions of the district court's order filed June 8, 1993, rejecting appellants' claims arising under the Mount Vernon Memorial Highway Act, the Capper-Cramton Act, and the Administrative Procedure Act, substantially for the reasons stated by the district court in its memorandum opinion of the same date. See Daingerfield Island Protective Society v. Babbitt, 823 F.Supp. 950, 954-55, 957-58 (D.D.C.1993). The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 3
 Because the court has determined that summary disposition of the remainder of the appeal by a motions panel is not in order, the Clerk is instructed to calendar this case for presentation to a merits panel. Because it is clear that the six-year statute of limitations contained in 28 U.S.C. Sec. 2401 governs equitable claims, claims arising under the Administrative Procedure Act, and claims alleging that an agency exceeded its statutory authority, the parties shall not address these issues in their briefs for the merits panel. Likewise, because it is clear that appellants' cause of action accrued more than six years before this action was filed, the parties shall not address the accrual date in their briefs. The parties shall, however, address whether the government waived the statute of limitations with respect to the land exchange agreement and whether the district court properly disposed of appellants' remaining claims concerning the interchange design.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until resolution of the remainder of the appeal.