76 F.3d 1244
 316 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Donald WILLIAMS, Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, et al.
 No. 93-5221.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 27, 1994.
 
 D.D.C.
 AFFIRMED IN PART, REMANDED
 Before: SILBERMAN, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary reversal and remand and the response thereto; the motion for partial summary affirmance, the motion for leave to file a memorandum in opposition in excess of twenty pages, the opposition to the motion for partial summary affirmance, the reply, and the lodged response to the reply, it is
 
 
 2
 ORDERED that the Clerk return to appellant the lodged response to the reply to the motion for partial summary affirmance. Surreplies are not permitted under the court's rules. See D.C.Cir.Rule 27(d). It is
 
 
 3
 FURTHER ORDERED, on the court's own motion, that the case be remanded in part for further consideration of whether the FBI properly withheld information pursuant 5 U.S.C. § 552(b)(7)(D), in light of the recent decision in United States Dep't of Justice v. Landano, 113 S.Ct. 2014 (1993). It is
 
 
 4
 FURTHER ORDERED that the motion for summary reversal and remand be denied. It is
 
 
 5
 FURTHER ORDERED that motion for leave to file a memorandum in opposition in excess of twenty pages be granted. The Clerk is directed to file the lodged document. It is
 
 
 6
 FURTHER ORDERED that the motion for partial summary affirmance be granted as to the adequacy of appellee's record search and withholding of information pursuant to 5 U.S.C. § 552(b)(7)(C), substantially for the reasons stated by the district court in its opinion issued May 17, 1993. Williams v. FBI, 822 F.Supp. 808 (D.D.C.1993). In addition, the district court properly determined that discovery was unwarranted because the records at issue were compiled for law enforcement purposes. The merits of the parties' positions are so clear as to warrant summary action on these claims. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 7
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.