36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Peggy ROBINSON
v.
DAVIS MEMORIAL GOODWILL INDUSTRIES, INC., Appellant.
 No. 92-7162.
 United States Court of Appeals, District of Columbia Circuit.
 July 1, 1994.
 
 Before: WALD, RANDOLPH and ROGERS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the October 21, 1992 motion for summary reversal of the district court's April 21, 1992 order; the motion for enlargement of time, and the opposition thereto; and the May 5, 1994 motion for summary reversal of the district court's April 21, 1992 order, it is
 
 
 2
 ORDERED that the May 5, 1994 motion for summary reversal be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980). Section 102 of the Civil Rights Act of 1991 creates a right to recover compensatory and punitive damages for intentional discrimination violative of Title VII, and authorizes a party to demand a jury trial if such damages are claimed. See 42 U.S.C. Sec. 1981a(a) and (c). These provisions do not apply retroactively to Title VII cases arising before the statute's enactment. Landgraf v. USI Film Products, 114 S.Ct. 1483 (1994). Accordingly, the district court's order filed April 21, 1992, allowing the plaintiff to amend her complaint to include demands for compensatory damages and a jury trial under the Civil Rights Act of 1991, is reversed and the case remanded for further proceedings in light of Landgraf. It is
 
 
 3
 FURTHER ORDERED that the remaining motions be dismissed as moot.
 
 
 4
 The Clerk is directed to issue forthwith a certified copy of this order to the district court in lieu of formal mandate.