961 F.2d 963
 295 U.S.App.D.C. 209
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Linda L. JOY, Individually and as Legal Representative of
Robert A. Joy, deceased; as Personal Representative and
Administratrix of the Estate of Robert A. Joy; and as
Guardian and Next Friend of Tatum Joy and Brenna Joy
v.
BELL HELICOPTER TEXTRON, INC., et al.
v.
ALLISON GAS TURBINE DIVISION OF GENERAL MOTORS CORP., Appellant
v.
Jack C. TURLEY; and the Government of District of Columbia
 Nos. 91-7128, 91-7168 and 91-7130.
 United States Court of Appeals, District of Columbia Circuit.
 April 2, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 
 ORDER
 PER CURIAM
 
 1
 Upon consideration of the motion to dismiss No. 91-7128, the response thereto, and the reply; the motion to dismiss No. 91-7168, and the response thereto; and the motion for summary affirmance and dismissal of cross-appeal filed in No. 91-7130, the response thereto, and the reply, it is
 
 
 2
 ORDERED that the motions to dismiss Nos. 91-7128 and 91-7168 be denied. The purpose of the specificity requirement of Fed.R.App.P. 3(c) is to provide notice both to the opposition and to the court of the appellant's identity. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 318 (1988). Because General Motors and Allison Gas Turbine were treated as the same party in these proceedings, appellees were given fair notice of appellant's identity in accordance with the specificity requirements of Fed.R.App.P. 3(c). It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance filed in No. 91-7130 be granted substantially for the reasons stated by the district court in its memorandum opinion and order filed June 20, 1989. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate in No. 91-7130 only until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.