961 F.2d 964
 295 U.S.App.D.C. 210
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Daniel M. WEMHOFF, Appellant,
v.
William E. FLORIA.
 No. 91-7133.
 United States Court of Appeals, District of Columbia Circuit.
 April 14, 1992.
Rehearing and Rehearing En Banc
Denied July 2, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 
 ORDER
 PER CURIAM
 
 1
 Upon consideration of appellee William E. Floria's motion for summary affirmance, the opposition thereto, and the reply; and the appellant's motion to enlarge time to file motion for summary reversal, and the opposition thereto, it is
 
 
 2
 ORDERED that appellee's motion for summary affirmance be granted for the reasons stated in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED that appellant's motion to enlarge time to file motion for summary reversal be denied.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 5
 In district court, appellant alleged the following statutory grounds for reopening the National Association of Securities Dealers' denial of his request for arbitration: (1) the arbitrators' decision exceeded their powers; and (2) the arbitrators refused to hear relevant evidence. See 9 U.S.C. § 10(a)(1)-(4). The district court properly concluded that appellant did not support his allegation that the arbitration panel's adoption of res judicata reasoning exceeded the panel's authority. Appellant cites no relevant authority specifically to support his allegation, and this court is aware of no reason for believing that an arbitration panel generally exceeds its powers by finding a claim barred by res judicata.
 
 
 6
 The district court also properly concluded that the arbitration panel did not need to conduct an evidentiary hearing. Underlying appellant's argument that a hearing was necessary is his assertion that he was prevented from presenting quantum meruit and unjust enrichment issues at a prior trial before the District of Columbia Superior Court. Appellant contends that the Superior Court bifurcated those issues from the issue of liability, which was the only issue addressed at trial. If this were in fact true, there would be good reason not to extend the res judicata bar to issues that the appellant was prevented from raising; res judicata bars only issues that were or could have been raised in a prior action. Allen v. McCurry, 449 U.S. 90, 94 (1980).
 
 
 7
 Contrary to appellant's assertions, however, he never raised the quantum meruit argument in Superior Court, and therefore was not prevented from raising the issue because of bifurcation. Confusing the issue is the fact that appellant appears to use quantum meruit as a synonym both for "damages" and, at other times, for "unjust enrichment." If appellant is actually referring to his bifurcated claim for damages, it is clear that the Superior Court never ruled on the issue of damages simply because there was no finding of liability and the question of damages was therefore moot. If appellant is referring to the unjust enrichment issue, this issue is also barred by res judicata because the Superior Court determined that appellant "failed to prove that defendants were unjustly enriched," Wemhoff v. Investors Management Corp. of America, Civ. No. 1762-79 (D.C.Super.Ct., Apr. 3, 1985), and this conclusion was not disturbed by the court of appeals. See Wemhoff v. Investors Management Corp. of America, 528 A.2d 1205 (D.C.1987), cert. denied, 491 U.S. 906 (1989). Thus, the arbitration panel was clearly correct in finding that an evidentiary hearing on these issues was unnecessary. Accordingly, the district court properly refused to vacate the panel's decision.
 
 
 8
 Appellant also challenges the portions of the district court's order denying appellant's motion for leave to file amended pleading and motion for extension of time to respond to defendant's motion to dismiss. Appellant contends that he was denied a reasonable opportunity to respond to defendant's motion to dismiss.
 
 
 9
 With respect to the motion for extension of time, the district court had earlier denied appellant's second request for an extension to respond to the motion to dismiss on the ground that appellant had failed to show good cause. Having already denied a second extension, the district court acted within its sound discretion in refusing to visit the issue a third time. Moreover, because appellant's motion to alter or amend judgment raised substantive arguments in response to the motion to dismiss and the district court addressed those arguments in its final order, appellant was not prejudiced by the denial of an extension to file yet another response to the motion to dismiss. Likewise, appellant was not prejudiced by the district court's denial of appellant's motion to amend because the amended complaint did not raise any issues that the court had not already addressed in its final order. Thus, none of these arguments militates against summarily affirming the district court's dismissal of appellant's complaint.
 
 
 10
 Because the merits of this case are clear and "no benefit will be gained from further briefing and argument of the issues presented," summary affirmance of the district court's order of dismissal is appropriate. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297-98 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).